936 F.2d 426
 Corazon D. HERNANDEZ; Jesus M. Quiblat; and Luzviminda M.
Macalinao, Plaintiffs-Appellants,
v.
James A. BAKER, III, as Secretary of State; Harry L.
Coburn, as Deputy Secretary of State for Passport
Services, Defendants-Appellees.
 No. 90-16401.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 10, 1991.
Decided June 13, 1991.
 
 Reynaldo O. Yana, Saipan, MP, for plaintiffs-appellants.
 Richard W. Pierce, Asst. U.S. Atty., Saipan, MP, for defendants-appellees.
 Appeal from the United States District Court for the Northern Mariana Islands.
 Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Corazon Hernandez, Jesus Quiblat, and Luzviminda Macalinao appeal the district court's grant of summary judgment against them. They filed this action against the Secretary of State and his deputy in charge of passport services seeking a declaration that they are United States citizens pursuant to section 301 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (Covenant), 48 U.S.C. Sec. 1681. Under that section, those continuously domiciled in the Northern Mariana Islands beginning before January 1, 1974 and lasting through the day preceding the effective date of the statute, November 3, 1986, automatically became United States citizens. Those who were minor children of persons who qualified for citizenship on November 3, 1986 also became citizens on November 4.
 
 
 2
 The appellants here are children of fathers who became citizens on November 4, 1986, but appellants were no longer minors as of that date. They came to the Northern Mariana Islands, as minors, after January 1, 1974, and attained their majority before November 3, 1986. They argue that because they were minors when their fathers acquired domiciles in the Northern Mariana Islands prior to January 1, 1974, appellants should be deemed to have been domiciled there before that date. The district court rejected this argument, finding that the statute, by providing its own definition of domicile, did not intend to incorporate any common law rule that might set up a presumption that the domicile of a minor child is that of the father of the child. It therefore granted summary judgment in favor of the governmental defendants. The plaintiffs timely filed this appeal. We affirm the district court's order.
 
 
 3
 The fathers of all these appellants became citizens of the United States on November 4, 1986, pursuant to section 301(c) of the Covenant. That section grants citizenship to:
 
 
 4
 all persons domiciled in the Northern Mariana Islands on the day preceding the effective date of this Section, who, although not citizens of the Trust Territory of the Pacific Islands, on that date have been domiciled continuously in the Northern Mariana Islands beginning prior to January 1, 1974.
 
 
 5
 Section 1005(e) of the Covenant provides the following definition of domicile:
 
 
 6
 "Domicile" means that place where a person maintains a residence with the intention of continuing such residence for an unlimited or indefinite period, and to which such person has the intention of returning whenever he is absent, even for an extended period.
 
 
 7
 The appellants have claimed that despite the fact that they do not meet the residence requirement articulated in this definition of domicile, they should be deemed to have been domiciled on the Northern Mariana Islands as of the point at which their fathers became domiciliaries of the Northern Mariana Islands. They base this argument on a common law presumption that, regardless of where a minor child actually lives, the domicile of that child is the same as the domicile of the child's father.[1] They assert that since "domicile" is a term with a common law meaning, the drafters of the statute would not have chosen it if they did not intend to import into the statute the implications that ordinarily attached to that term when used without statutory definition.
 
 
 8
 We reject this argument. The statute provides its own definition of domicile, and that definition requires maintenance of a residence. In its definition of the term "domicile" as employed in the statute, Congress made a distinction between domicile and physical presence. It also provided for the citizenship of children who were minors when their parents became citizens. The clear implication is that adult children of citizens can qualify only on the basis of their own domicile and not that of their parents. There is nothing ambiguous about the language; therefore, we need not inquire further concerning possible alternative meanings for the term. See Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917) ("Where the language is plain and admits of no more than one meaning, the duty of interpretation does not arise"). Cf. Church of Scientology v. United States Department of Justice, 612 F.2d 417, 421-22 (9th Cir.1979) (interpretation is necessary where term is undefined or where to apply plain meaning would create a result at odds with the purpose of the statute). The district court was correct in granting summary judgment.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Because we decide this case based on the application of the principles of statutory interpretation to a provision whose meaning is clear, we do not address the question of whether the appellants are correct in their assertion that the domicile of a minor child living apart from its father is presumptively that of the father. We do note, however, that this assertion stands on extremely shaky ground. See 28 C.J.S. Domicile Sec. 12(b) n. 36 (1990 pocket part) (currently accepted view is that where the parents have separate domiciles, the child's domicile is that of the parent with whom the child lives)